**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY MERCHANT, | Case No. CV 24-2669 FMO (SHKx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| O'REILLY AUTO ENTERPRISES, LLC, | |
| Defendant. | |

On November 8, 2024, Daisy Merchant ("plaintiff") filed a Complaint in the Riverside County Superior Court against O'Reilly Auto Enterprises, LLC ("defendant") asserting state law claims relating to her employment. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1 & 3); (Dkt. 1-3, Complaint at ¶¶ 31-79). On December 19, 2024, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441. (See Dkt. 1, NOR at ¶ 8). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126

S.Ct. 1854, 1861 n. 3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## DISCUSSION

The court's review of the NOR and the attached Complaint makes clear that the court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] Defendant seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted). Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332(a).[3]

As an initial matter, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See, generally, Dkt. 1-3, Complaint). Defendant contends that it has met the jurisdictional threshold based on plaintiff's request for past and future lost wages. (See Dkt. 1, NOR at ¶¶ 13-14). "Although courts may consider both back pay and front pay to determine the amount in controversy, many courts in this district have declined to project future lost wages beyond the date of removal." Barrera v. Albertsons LLC, 2019 WL 1220764, *2 (C.D. Cal. 2019) (collecting cases). "The court is hesitant to accept defendant's estimate where the Complaint does not expressly seek two years of front pay[.]" Adkins v. J.B. Hunt Transp., Inc., 293 F.Supp.3d 1140, 1144 (E.D. Cal. 2018) (internal quotation marks omitted); (see, generally, Dkt. 1-3, Complaint). "Defendant's conjecture that Plaintiff could seek or be entitled to two years of front pay is speculative and insufficient to meet its burden." Barrera, 2019 WL 1220764, at *2 (internal quotation marks omitted).

Further, defendant's reliance on plaintiff's request for emotional distress and punitive damages and attorney's fees, (see Dkt. 1, NOR at ¶¶ 15-22), is similarly unpersuasive. Defendant argues that these should be included in the amount in controversy determination, but the cases

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

it cites involve a range of different factual scenarios, and defendant does not explain how these cases are factually similar to the instant case. (See id.). For instance, defendant fails to explain how the cited cases reflect substantially similar factual scenarios to guide the court as to the amount of emotional distress damages that might be recovered in this case. (See, generally, id. at ¶¶ 15-17); see, e.g., Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012) (remanding where defendants "proffer[ed] no evidence that the lawsuits and settlements alleged in the complaint are factually or legally similar to plaintiffs' claims"); Dawson v. Richmond Am. Homes of Nevada, Inc., 2013 WL 1405338, *3 (D. Nev. 2013) (remanding where defendant "offered no facts to demonstrate that the [proffered analogous] suit is factually identical [to plaintiffs' suit]"). Defendant similarly fails to explain how the cases it cites with large punitive damages awards present analogous scenarios. (See, generally, Dkt. 1, NOR at ¶ 18); see, e.g., Burk v. Med. Savs. Ins. Co., 348 F.Supp.2d 1063, 1070 (D. Ariz. 2004) (remanding where defendant "failed to compare the facts of Plaintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount"); Killion v. AutoZone Stores Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Defendants cite two cases . . . in which punitive damages were awarded, but make no attempt to analogize or explain how these cases are similar to the instant action. . . . Simply citing these cases merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or probable in this case. Therefore, Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.") (citations omitted). Finally, defendant fails to adequately show that attorney's fees in this case would place the amount in controversy over $75,000. (See Dkt. 1, NOR at ¶¶ 19-21).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the

amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); <u>Valdez</u>, 372 F.3d at 1117.

**This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California, County of Riverside, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 17th day of January, 2025.

                                                            /s/
                                      Fernando M. Olguin
                                   United States District Judge